LANG et al. v. BAXTER et al. (three cases).

(Circuit Court, D. Maine. August 4, 1894.)

Nos. 14, 15, and 16.

1. PATENTS—ANTICIPATION—SOLDERING IRONS.
    Neither the Barker reissue, No. 8,781, for improvements in soldering irons, nor the Bostwick reissue, No. 10,672, which is for an improved form of the Barker iron, were anticipated by the Stone application, or the so-called "Frazier irons," for these efforts do not seem to have passed beyond the experimental stage, or at least not to have resulted in a practical iron.

2. SAME—LIMITATION—INFRINGEMENT.
   Both reissues, however, are for combinations in which form is of the essence of the invention, and the patents are therefore limited to substantially the forms described in the specifications and drawings, and are not infringed by irons which lack several of the features described. McMurray v. Mallory, 5 Fed. 593, followed.

3. SAME—INVENTION.
   The McMurray and Hollingsworth patent, .No. 115,760, for improvements in soldering irons, is void for want of invention. McMurray v. Miller, 16 Fed. 471, followed.

These were three actions at law brought by Edward M. Lang and others, surviving partners of the firm of McMurray, Lang & Burnham, against Clinton L. Baxter and others, to recover damages for alleged infringement of certain patents. A jury was waived, and the cases tried to the court without a jury.

Price & Steward and George E. Bird, for plaintiffs.
James A. Allen and Symonds, Snow & Cook, for defendants.

COLT, Circuit Judge. These are three actions at law, and, by agreement of parties, the cases were heard together, jury trial having been waived. The suits are brought for infringement of three patents for improvements in soldering irons,—the Barker reissue patent, No. 8,781, dated July 1, 1879; Bostwick reissue patent, No. 10,672, dated December 15, 1885; and the McMurray and Hollingsworth patent, No. 115,760, dated June 6, 1871. The Barker and Bostwick patents were before the supreme court in McMurray v. Mallory, 111 U. S. 97, 4 Sup. Ct. 375, and in that case it was decided that the first three claims of the Barker reissue were void on the ground that they were broader than the claim of the original patent. The first claim of the Bostwick reissue No. 8,466 was declared invalid for the same reason. The Bostwick patent was then reissued for the second time in identically the same language as the original patent, and the present suit is brought on this second reissue. Soldering irons were old at the date of the Barker patent. What Barker did was to add a supporting rod which passes through the disk of the iron, and which holds the cap of a can in place during the process of sealing or unsealing. This was undoubtedly an improvement on previously existing soldering irons. The Bostwick patent is for an improved form of the Barker iron. I do not think that either the Barker or Bostwick patents were anticipated by the prior Stone application, or the so-called "Frazier irons," because none of these efforts seem to have passed beyond the experimental stage, or at least to have resulted in the production of a practical iron of this type. To my mind, the range of invention in both these patents is narrow. It may be that Barker would have been entitled to a broader claim than is found in his original patent, such as a general claim for'the combination of a soldering iron with a rod adapted to hold the lid or.cap in place during the process of soldering; but the supreme court has said that he cannot expand his claims beyond what is described and claimed in his original patent. As I view both the Barker and

Bostwick patents, they must be limited to substantially the form of construction set out in the specifications and shown in the drawings. I agree with Judge Morris in his opinion in the circuit court in the Mallory Case, 5 Fed. 593, 598, which was affirmed by the supreme court, in which he says:

"The conclusion to which I have come is that the two patents [Barker and Bostwick] on which the complainants base their claims are for combinations in which the form of the instrument is of the essence of the invention, and that the complainants are entitled only to substantially that form of instrument which, in his specifications and drawings, the patentee under whom they claim has shown."

If counsel should contend that, in the subsequent case of McMurray v. Miller (unreported), Judge Morris gave these patents a broader construction, I still think his conclusion, as above expressed, was correct, and in harmony with the decision of the supreme court. In the Barker device the soldering iron is described as a disk with a recess in its under side, in combination with a movable rod to hold the lid while resealing. The rod passes through the disk, and is set parallel with the handle of the iron, to which it is attached by a loop. The disk is made of sufficient thickness to retain the heat, and of suitable size to cover the lid of the can, and the recess on the under side of the disk affords room for the convex lid of the can. In the sealing process, after the cover is laid in place on the can, the rod is pushed down through the disk, and the heated disk is then pushed down in contact with the solder, which is thus melted and spread evenly around the lid. The disk is then withdrawn, and the rod remains pressed upon the lid until the solder has become hardened. In opening or unsealing a can, the disk is heated sufficiently to melt the solder, and placed over the cover until the solder is melted, when it is taken off, and the cover removed by any sharp-pointed instrument. In the Bostwick patent the soldering iron consists of a cylinder of metal made thick to retain the heat, and hollow to fit over and inclose the cap of the can, and it is provided with a handle near its upper end. The lower rim of the iron is beveled so as to present a narrow edge to hold the solder, and its diameter at its upper end is made smaller than that of its lower end, so as to form a shoulder. The guiding rod which passes through the iron has a diameter at its lower end about equal to that of the cap, but the diameter is reduced above the lower end so as to form a shoulder or projecting offset, which acts as a counterpart to the shoulder within the cylinder. The specification says:

"After the iron has been properly heated, it is slipped over this rod, and the rod, being then placed upon the cap, is held thereon firmly, while the lower rim of the heated iron, duly supplied with solder, bearing upon the joint of the cap with the vessel, will instantly solder and secure the same about its entire circumference. By lifting the rod, its shoulder, engaging with the offset within the iron, will take up the latter with it in readiness to be placed upon another cap, and thus a number of caps may be quickly and thoroughly soldered at one heat of the iron. I contemplate making the soldering-iron, A, and its guiding rod, C, of any form in transverse section which may be required to cause it to fit upon any form of cap or other projection, whether round, square, oval, or of any other curved or polygonal shape. Its lower rim or edge need not be made continuous, but may be

broken or slotted. I claim as my invention: The hollow soldering-iron, A, having a handle, B, and bevelled rim, a, a, in combination with the rod, C, substantially as herein described and set forth."

In my opinion, the defendants' iron does not infringe either the Barker or Bostwick patents, upon the construction which I feel bound to give to those patents. It has neither the annular disk nor the rod described in the Barker patent; neither has it the guiding rod with a diameter about equal to the cap, and provided with a shoulder, nor the hollow cylinder of iron with a smaller diameter above its lower end, of the Bostwick patent. In the defendants' iron a small rod runs through the center of the cylinder and handle, and it has a knob attached to the rod above the handle. This rod is pressed down upon the lid of the can, and serves to guide the soldering iron to and from the lid.

As to the McMurray and Hollingsworth patent, I shall follow the decision of Chief Justice Waite in holding the patent void for want of invention. McMurray v. Miller, 16 Fed. 471.

The conclusion I have reached is that the defendants' iron does not infringe either the Barker or Bostwick patents, and that the McMurray and Hollingsworth patent is void for want of invention. It follows that judgment must be entered in each case for defendants.